IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA D. MARTINEZ,

        Plaintiff,

v.                                                    CV 07-566 MV/CG

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

        Defendant.

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        Maria Martinez brought this action seeking judicial review of the denial of her claim for disability insurance benefits and for supplemental security income benefits. This matter is before me now on a motion to reverse or remand filed by Martinez. Because the Commissioner's decision at step five is supported by substantial evidence, I recommend that the motion be denied.

Standard of Review

        In reviewing the agency's decision, I must "'determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quoting *Doyal v. Barnhart,* 331 F.3d 758, 760 (10th Cir. 2003)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted). "[A] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* (internal quotation omitted). I must meticulously examine the record to determine whether substantial evidence supports the Administrative Law Judge's (ALJ) decision. *Id.* In conducting such an

examination, I must take into account anything in the record that "fairly detracts" from the evidence supporting the ALJ's decision. *Id.* Moreover, "[t]he agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal." *Id.*

## The Sequential Evaluation Process

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. § 423 (d)(1)(A)). The Social Security Administration employs a "five-step sequential evaluation process to determine disability." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). At step one of the process, the claimant must show that she is not working at a substantial gainful activity. At step two, the claimant must show that she has an impairment that is severe enough to significantly limit her ability to do basic work activities. At step three, the claimant must show that the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ must determine the claimant's RFC and consider, in light of this RFC, whether the claimant retains the ability to perform work done in the past. *See* 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4). A claimant's RFC consists of activities the claimant "can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1).

The claimant bears the burden of proof throughout the first four steps of the sequential evaluation process. At step five, however, the "burden shifts to the Secretary to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy." *Thompson*, 987 F.2d at 1487. "How the ALJ should proceed on step five to make the ultimate determination that the claimant is disabled or not depends on whether the

claimant alleges an exertional impairment (strength-related), or nonexertional impairment (pain or mental problems), or both." *Id*.

## Background

Martinez filed her applications for benefits on August 12, 2005. *See Administrative Record (AR)* at 17, 70, 120. After an adverse decision by the Commissioner of Social Security, she requested a hearing before an ALJ. *AR* at 42-43. On May 4, 2006, Martinez appeared, without an attorney, before ALJ Betty Roberts Barbeito. *AR* at 234-281. At the hearing, the ALJ took testimony from Martinez, as well as a vocational expert (VE). *Id*. On September 20, 2006, the ALJ issued an unfavorable decision denying Martinez's claims. *AR* at 17-23. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. *AR* at 5-8.

In the Commissioner's final decision, the ALJ found at step two that Martinez suffered from three severe impairments: hypertension, congestive heart failure, and diabetes mellitus. *AR* at 19. At step four, the ALJ determined that Martinez had the RFC to perform sedentary work and the ability to lift nine pounds, stand one and a half hours in an eight hour day, and walk two and a half hours in an eight hour day. *AR* at 20. In doing so, the ALJ noted that Martinez's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible." *Id*. The ALJ then concluded that Martinez could perform her past relevant work as a customer service representative. *AR* at 21-22. Despite making this finding, the ALJ went on to conduct step five findings. At step five, the ALJ found that Martinez is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *AR* at 23.

On June 12, 2007, Martinez filed an appeal in this Court. *See Doc. 1*. In her Motion to

Reverse or Remand Administrative Decision, she alleges that the ALJ erred at steps four and five. *See Doc. 13*. Specifically, Martinez argues that the ALJ failed to: (i) consider her treating cardiologist's opinion, (ii) make findings as to the physical and mental demands of her past relevant work, and (iii) resolve actual conflicts between VE evidence and the Dictionary of Occupational Titles. *Id*.

Failure to Consider Treating Physician's Opinion

Martinez first argues that the ALJ failed to consider the opinion of Dr. Gurule, her treating physician. In particular, she asserts that the ALJ ignored Dr. Gurule's May 8, 2006 letter which was submitted after the hearing. In its entirety, the letter states:

> To Whom It May Concern:
>
> The patient is a 40-year old female who carries a history of hypertensive cardiomyopathy but normal coronaries. She presented with hypertensive urgency as well as nonsustained ventricular tachycardia with syncope and severely depressed ejection fraction, last reported at 20%.
>
> She underwent an AICD defibrillator pacemaker implantation last year and has been relatively stable. She had two inappropriate discharges of her defibrillator late last year which required re-programing of the defibrillator. Overall, she has done better. The last blood pressure reading available to us indicates she is doing well on her blood pressure medication.
>
> The patient has asked a letter be provided on her behalf regarding her ability to work in the near future. At this point, because of the patient's severe cardiomyopathy, in the setting of ventricular tachycardia with syncope and a defibrillator, I believe it would be difficult for her to perform any kind of sustained level of work and/or activity. She is unable to do any type of heavy exertion, but I suspect her level of function would be minimal in terms of employment, not only because of physical stress but emotional stress as well that may be involved in standard employment.
>
> If you have any questions, please feel [sic] to contact me at your convenience.

*AR* at 225.

At the outset, it is important to note that the ALJ did not fail to acknowledge Dr. Gurule's letter, as Martinez suggests. *See Doc. 13* at 10. In the decision, the ALJ states: "Subsequent to the hearing, the claimant submitted a medical report from Dr. Gurule dated May 8, 2006 which indicated that overall, the claimant has done better (Exhibit 6F). While she is unable to do heavy exertion, the undersigned finds the claimant capable of performing sedentary level work." *AR* at 21. Clearly, here, the ALJ agreed with Dr. Gurule's heavy exertion opinion, but did not agree with Dr. Gurule's opinion that "it would be difficult for her to perform any type of sustained level of work and/or activity [and that] her level of function would be minimal in terms of employment. " *AR* at 225.

Besides the heavy exertion comment that was accepted by the ALJ, Dr. Gurule's opinion regarding Martinez's ability to work is a treating source opinion on an issue that is "reserved for the Commissioner." *See* SSR 96-5p, 1996 WL 374183 at *2. That is, Dr. Gurule's opinion "is not a finding of any substance relating to such relevant capacities as the ability to sit, stand, walk, lift, and carry." *See Balthrop v. Barnhart*, 116 Fed.Appx. 929, 932 (10th Cir. Nov. 24, 2004). Such opinions, even when offered by a treating source, "can never be entitled to controlling weight or given special significance." SSR 96-5p at *2. "Giving controlling weight to such opinions would, in effect, make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id*.; *see also* 20 C.F.R. § 416.927(e)(1); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) ("The treating physician opined that the plaintiff was totally disabled at step three. Clearly, this opinion is not binding on the Secretary in making his ultimate determination.").

The ALJ, however, may not disregard opinions on issues reserved for the Commissioner. SSR 96-5p at *3. A review of the record shows that the ALJ considered Dr. Gurule's letter. The ALJ, for example, cited and discussed portions of Dr. Gurule's letter. The ALJ agreed with Dr. Gurule's heavy exertion opinion, but concluded that Martinez's is capable of performing sedentary work. This finding is supported by substantial evidence and "reflects an adequate consideration of the evidence in question." *See Balthrop*, 116 Fed.Appx. at 933. Thus, I find no error.

Step Four Findings

Martinez next argues that the ALJ erred at step four by failing to make findings regarding the physical and mental demands of her past relevant work and by finding that she had the ability to perform her past relevant work. At step four, the ALJ is required to make findings of fact regarding three phases: (i) the individual's RFC, (ii) the physical and mental demands of the individual's past work, and (iii) the ability of the individual to return to past work in light of the individual's RFC. *See Winfrey v. Chater*, 92 F.3d 1017, 1023-25 (10th Cir. 1996); SSR 82-62, 1982 WL 31386 at *4. These findings must be specific and must be made on the record. *Id*. "When the ALJ essentially skips the second phase of the step four analysis by not making any findings regarding the physical and mental demands of claimant's past work . . . then the case shall be remanded in order for the ALJ to make the specific findings regarding the demands of claimant's past relevant work." *Sandusky v. Barnhart*, 2007 WL 496617 at *5 (D.Kan. Jan. 10, 2007).

At step four, the ALJ found:

> **The claimant is unable to perform most of her past relevant work (20 CFR 404.1565 and 416.965).** The claimant has past relevant work as a cafeteria manager, photographer, customer

6

>  service representative, fast food manager, and waitress. These jobs
>  were classified by the vocational expert as semi-skilled to skilled
>  and sedentary to light in exertional demands. Based on the
>  residual functional capacity assessment, the vocational expert
>  testified the claimant is able to perform her past job of customer
>  service representative but cannot perform the job as manager due
>  to the stress involved. Further, the vocational expert testified that
>  claimant cannot perform the work of photographer and waitress
>  because of the walking involved in those jobs.

*AR* at 21-22.

The ALJ did not make findings on the record as to the physical and mental demands of Martinez's past work. In addition, the ALJ did not elicit any testimony from the VE or Martinez regarding the physical and mental demands of the claimant's past relevant work. *See AR* at 234-81. SSR 82-62 and *Winfrey* are clear: the ALJ must make specific findings as to the physical and mental demands of claimant's past relevant work. *See Winfrey*, 92 F.3d at 1023; SSR 82-62 at *4. In failing to do so the ALJ erred and "infected" her decision at phase three of step four. *Id*. at 1026. Contrary to the Commissioner's assertion, the ALJ did not make any independent conclusions regarding Martinez's ability to perform her past relevant work and simply delegated the analysis to the VE. This practice is impermissible, and therefore, the Commissioner's citation to *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) is flawed.

While normally such an error would require remand, here, the ALJ proceeded to step five. The ALJ's findings at step five, as well as her RFC determination, are supported by substantial evidence. Therefore, the ALJ's error at step four was harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (discussing principle of harmless error in Social Security context); *Reynolds v. Astrue*, 252 Fed.Appx. 161, 165 (9th Cir. Oct. 15, 2007) ("[W]hile we agree with Reynolds that the ALJ committed legal error in the step-four analysis by failing to make specific findings regarding the demands of her PRW and her ability to meet those demands

. . . that error is harmless given the ALJ's RFC assessment and step-five determination . . . ."); *Solomon v. Astrue*, 2007 WL 4463445 at *8 (D. Kan. Dec. 17, 2007) ("For this reason, the court finds that substantial evidence supports the ALJ's findings at step five; therefore, any error at step four is harmless error.")

### The VE's Testimony

In her last issue, Martinez argues that the VE's testimony is in conflict with the Dictionary of Occupational Titles (DOT) and that the ALJ erred by failing to resolve actual conflicts between VE evidence and the DOT. The majority of Martinez's argument, however, deals with the VE's conclusion that she could return to her previous job as a customer service representative. That finding deals with step four. Given my harmless error findings above, I will not address this portion of Martinez's argument.

I find the remainder of Martinez's step five argument to be without merit. The VE testified that, under the ALJ's hypothetical, Martinez could perform the sedentary semi-skilled positions of information clerk, receptionist, and telemarketer. *See AR* at 277. After examining the record as a whole, I conclude that the Commissioner's decision is supported by substantial evidence and that the correct legal standards were applied. The balance of Martinez's "arguments to the contrary constitute[ ] an invitation to this court to engage in an impermissible reweighing of the evidence and to substitute our judgment for that of the Commissioner, an invitation we must decline." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005). The Commissioner met the step five burden of showing that Martinez retains the RFC to do other work that exists in the national economy. The ALJ's RFC determination was supported by substantial evidence and it is not in conflict with the jobs and duties the VE testified that Martinez could perform.

Wherefore,

IT IS HEREBY RECOMMENDED THAT Plaintiff's Motion to Reverse or Remand Administrative Decision (Doc. 12) be denied.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE